JOSHUA W. CARR *versus* JOHN MASON *et als.*

Subsequent to the commencement of an action upon a poor debtor's
bond, one half of the original judgment was released by the creditor, and
the court held that the judgment is not vacated by such release, but
should be rendered for the balance.

Such release can only be pleaded in satisfaction *pro tanto*.

ON FACTS agreed by the parties.

The action is DEBT upon a poor debtor's bond, and the
facts appear in the opinion of the court.

*Wm. Fessenden,* counsel for the plaintiff.

*E. Kent,* counsel for the defendant.

CUTTING, J.   It appears that at the October term of this
court, a judgment was recovered in favor of the plaintiff,
against Mason and others, for the sum of $502 damages, and
$7,33 costs of suit.   That on an execution duly issued on
that judgment, Mason was arrested by the officer, and on
October 5, 1853, was liberated by giving the bond now in
suit, the condition of which was, that he should in six months
take the oath prescribed by law, pay the debt, or deliver
himself into the custody of the keeper of the jail.   And it

does not appear that within the six months he fulfilled the condition. Consequently the bond became forfeited, and according to the provision of R. S., ch. 148, s. 39, judgment should be rendered against him and his co-obligors for the amount of the execution, costs, &c., unless they can show a legal defence against the recovery of the whole or any part.

On March 8, 1855, when this suit was commenced, the plaintiff's claim under the statute remained unaffected by any act of either party. It is now contended, that by reason of certain subsequent proceedings instituted on behalf of the judgment debtors, and action taken thereon by this court, the judgment named in the bond has been vacated, released, or so diminished as to have lost its identity. Neither of which positions can be maintained.

It is agreed that " the record of the original judgment corresponds with the recitals in the execution, and on the margin of said record are the following words: One-half of this judgment released by order of court, April term, 1856. See No. 252 of that term—Dole et als., petitioners, v. J. W. Carr." Under which is the following entry: " Review granted, unless one-half of the judgment sought to be reviewed is released in thirty days." And it further appears that, in pursuance of the order, written releases were duly filed by the party of record and also by the party in interest.

Now what was the legal effect of this release? It could not operate to reverse the judgment, for that could be done only on a writ of error. It might be rendered null perhaps by a judgment under the statute wholly in favor of the plaintiffs in review. *Dunlap* v. *Burnham*, 38 Maine R., 112. The entry in the margin of the record could have been designed only as a reference to the order under the petition, which was that one-half of the judgment should be released. The judgment was not thereby vacated; a subsequent action might have been brought upon it, and a release would not have sustained the plea of *nul tiel record*, but must have been pleaded in discharge. 1 Chit. Plead., 481. And under such a plea, evidence of a release of a part could not be extended

by implication so as to release the whole. The legal operation of the release was only to be in satisfaction and discharge of a moiety of the judgment, which probably was, originally recovered for a moiety too much. It was designed to obviate the necessity of a new trial.

What might have been the result of all the proceedings subsequent to the breach of the bond, if the plaintiff had claimed judgment under s. 39 of the chapter before cited, it becomes unnecessary to inquire, since in *good faith* he demands judgment only for one-half of his debt, costs and legal interest, which he is entitled to recover; and for that amount the defendants must be *defaulted.*